**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**SPECTRUM, LTD., et al., Defendants.**

**No. 71 Civ. 1497.**

United States District Court,
S. D. New York.

Dec. 21, 1971.

Kevin Thomas Duffy, New York City, Regional Administrator, for plaintiff; William D. Moran, Donald N. Malawsky, Marvin G. Pickholz, Ira Lee Sorkin, New York City, of counsel.

GURFEIN, District Judge.

This is an action brought by the Securities and Exchange Commission (SEC) against twelve defendants, seeking a permanent injunction enjoining them from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c), 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder (15 U.S.C. § 78j(b); Rule 17 C.F.R. § 240.10b–5). The SEC moves, pursuant to Fed.R.Civ.P. 56, for summary judgment against one of the defendants, Spectrum, Ltd. (hereinafter Spectrum). The motion is unopposed.

The facts giving rise to this action involve the alleged issuance on November 10, 1969 of 4,596,465 shares of unregistered Spectrum stock to 110 shareholders of Westward Investment Corporation (hereinafter Westward), in consideration of all the assets of the latter company. Neither a plan, agreement or proposal for a statutory merger or sale of assets was ever submitted to these shareholders of Westward, nor was a vote ever taken by them approving the sale. Then, on November 12, 1969, certain control persons of Spectrum allegedly began a distribution of these newly-issued shares into the over-the-counter market. It is alleged that, in connection with this distribution, Spectrum issued three shareholder releases containing false and misleading statements which inflated its true assets and understated its true liabilities. In the complaint filed April 2, 1971 the SEC charged Spectrum and others with viola-

tions of the registration and anti-fraud provisions of the securities laws. On April 30 Spectrum made a general denial and also claimed that the particular securities were exempt from registration. The SEC made a motion dated April 2, 1971 before Judge Tenney of this Court for a preliminary injunction. Spectrum allegedly agreed to consent to the motion, but it has not been entered because Spectrum has not yet authorized anyone to sign the consent.

Spectrum filed no affidavit in response to the earlier motion for a preliminary injunction. Likewise, on this motion for summary judgment, Spectrum has filed no papers at all. This, of course, brings into play Fed.R.Civ.P. 56(e), which reads in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

See also 6 Moore's Federal Practice ¶¶ 56.01[14], 56.22[2] (1965). Also pertinent is our local General Rule 9(g) which says that on motion for summary judgment all the material facts set forth in the movant's 9(g) statement, which in this case narrates the facts described above, "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Spectrum has not served such a statement in response.

■ It is the opinion of this Court that summary judgment for the plaintiff SEC against the defendant Spectrum is "appropriate," within the meaning of Fed.R.Civ.P. 56(e). It is clear that the

**72**

SEC has described actions by Spectrum which constitute violations of the registration and anti-fraud sections of the securities laws and which indicate that there is a risk of renewed or continued violations. There is no reasonable basis for assuming that the allegations raise any genuine issue concerning a material fact.

 It is true that the *answer* of Spectrum claims that the securities in question were exempt from registration. However, this is not further explained or supported by affidavit or otherwise.*

 The exemption most likely to be claimed would be Rule 133, 17 C.F.R. § 230.133, embodying the so-called "no sale" theory. However, that exemption is unavailable because the proposal for the sale of assets was apparently never "submitted to the vote of [Westward's] stockholders," as Rule 133(a) requires. Moreover, Rule 133 is not available if the transfer to the stockholders was merely for the purpose of using them as a conduit for distributing a substantial amount of securities to the public. In re Great Sweet Grass Oils, Ltd., 37 SEC 683, 690–91 (1957), aff'd per curiam sub nom. Great Sweet Grass Oils, Ltd. v. SEC, 256 F.2d 893 (D.C.Cir. 1958). Likewise, on the record before this Court, the conclusion appears inevitable that there were violations of the anti-fraud provisions by Spectrum's false and misleading statements as to material facts.

In view of the foregoing, the motion by the SEC for summary judgment is granted.

Settle order on notice.

---

* It may be noted that the burden of establishing an exemption is on the party seeking its benefits. S.E.C. v. Ralston Purina Co., 346 U.S. 119, 126, 73 S.Ct. 981, 97 L.Ed. 1494 (1953). Of course, on summary judgment the SEC has the burden of showing that no issue of fact exists as to the applicability of an exemption. 6 Moore's Federal Practice ¶ 56.15 [3], at 2342 (1965). The SEC has carried that burden under Fed.R.Civ. P. 56(e).